UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK ALLISON,

Petitioner,

Case Number 2:14-CV-10423
Honorable Gershwin A. Drain

WILLIE SMITH,

Respondent.
_______________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY [#9] JUDGMENT, DENYING PETITIONER'S MOTION TO DISMISS RESPONDENT'S MOTION [#12], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. Introduction

Michigan prisoner Derrick Allison ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. After a jury trial in the Wayne Circuit Court, Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and was sentenced to 22½-to-45 years in prison. In his petition, he raises six claims: (1) the prosecutor committed misconduct at trial; (2) ineffective assistance of counsel for failing to request a proper jury instruction for a valid defense; (3) failure to instruct jury on claim-of-right defense; (4) ineffective assistance of counsel at sentencing; (5) ineffective assistance of appellate counsel; and (6) Petitioner has shown good cause to excuse his procedural defaults.

This matter is before the Court on Respondent's Motion for Summary Judgment seeking to dismiss the petition under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d), and Petitioner's motion to dismiss the Respondent's motion. For the reasons set forth, the Court GRANTS Respondent's Motion for Summary Judgment, denies

Petitioner's Motion to Dismiss Respondent's Motion, DISMISSES the Petition for a writ of habeas corpus as untimely, DENIES a certificate of appealability, and DENIES leave to proceed in forma pauperis on appeal.

## II. *Facts and Procedural History*

Petitioner's conviction arises from an incident where he approached a pizza delivery man in his car, put a gun to his ribs, and demanded his money. The victim complied, just as a police car drove past. The patrol car stopped and officers quickly took Petitioner to the ground and arrested him, recovering the cash stolen from the victim. Officers also recovered a replica firearm from under the victim's car.

Following his jury trial, conviction and sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On June 10, 2009, the Michigan Court of Appeals issued an unpublished memorandum opinion affirming Allison's conviction "for lack of merit in the grounds presented." *People v. Allison*, No. 291094 (Mich. Ct. App. June 10, 2009).

Petitioner attempted to filed a motion for reconsideration of the Michigan Court of Appeals decision, but he sent his request to the trial court, not the Michigan Court of Appeals. By the time Petitioner realized his error, the time to file the motion had expired, as had the time to file an application for leave to appeal in the Michigan Supreme Court.

Over two years later, on September 19, 2011, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion in an opinion and order dated November 18, 2011. On April 16, 2012, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On September 19, 2012, the Michigan Court of

Appeals denied the application in a standard order. *People v. Allison*, No. 309684 (Mich. Ct. App. Sept. 19, 2012).

On October 29, 2012, Petitioner applied for leave to appeal to the Michigan Supreme Court. But on April 29, 2013, the Michigan Supreme Court denied the application by standard form order. *People v. Allison*, 829 N.W.2d 599 (Mich. 2013)(table).

Petitioner dated the present habeas petition on January 28, 2014.

## III. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV. **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., governs the filing date for this action because Petitioner filed his

habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A habeas petition filed outside the proscribed time period must be dismissed. See *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

In Petitioner's case, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals, which denied his application for leave to appeal on June 10, 2009. Petitioner then had 56 days to file an application for leave to appeal in the Michigan Supreme Court, but he failed to do so. When a habeas petitioner does not file an appeal from the state appellate court to the state supreme court, the judgment becomes final when the time for seeking such review expires. As the Supreme Court stated in *Gonzalez v. Thaler*, U.S. , 132 S. Ct. 641, 181 L. Ed. 2d 619(2012):

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong — the "conclusion of direct review" and the "expiration of the time for seeking such review" — relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review" — when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez*, 132 S. Ct. at 653-54. *See also Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [Ohio] Supreme Court, his judgment became final at the expiration of the time for pursuing direct review in state court"). Here, petitioner's judgment became final at the expiration of the 56 days which he had to appeal the June 10, 2009 order to the Michigan Supreme Court. See MICH. CT. R. 7.302(C)(2). Based on this record, Petitioner's one-year statute of limitations therefore commenced on August 5, 2009.

Petitioner signed his habeas petition on January 28, 2014. Obviously, he filed more

than one year after the time for direct review expired. Consequently, his application is time-barred, unless he is entitled to tolling.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed a motion for relief from judgment on September 19, 2011, over a year after the statute of limitations had already run. The tolling provision in § 2244(d)(2) cannot "revive" a limitations period that has already expired; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id*.; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Thus, Petitioner's motion did not toll the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See*, e.g., *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner does not allege any facts that would warrant the application of equitable tolling in this case. Petitioner alleges that he has spent a large portion of time in administrative segregation in prison and was therefore denied library access, and he asserts that a legal-writer in prison misinformed him about the deadline for filing his habeas petition.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005). Similarly, "allegations regarding insufficient library access . . . do not warrant equitable tolling" for purposes of challenging state court conviction." *Fitts v. Eberlin*, 626 F. Supp. 2d 724, 2009 WL 1047052 (N.D. Ohio 2009) (citing *United States v. Stone*, 68 Fed. Appx. 563, 2003WL 21397874 (6th Cir. 2003).

Nor does bad advice he allegedly received from fellow inmates or other non-lawyers constitute grounds for equitable tolling. *See Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (holding that petitioner's claim that he was nearly blind and must rely on other inmates in order to access the court did not justify equitable tolling, as it does not establish that petitioner lacked knowledge of the filing requirement, that he was diligent in pursuing his rights, or that the respondent would not be prejudiced by the delay in the filing of the petition); *United States v. Cicero*, 214 F. 3d 199, 204-05 (D.C. Cir. 2000) (federal inmate

was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to another at his own peril); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (habeas petitioner's allegations that a fellow inmate agreed to file his petition for him and fraudulently represented that he had done so did not justify equitable tolling). "[I]t is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief." *Id*. "[I]nmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." *Id*.

Finally, Petitioner asserts that he is entitled to tolling because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations. "'This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *McQuiggin*, 133 S. Ct. at 1931 (quoting *Herrera v. Collins*, 506 U.S. 390, 404(1993)). In order to make a showing of actual innocence under *Schlup*, Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 1935 (quoting *Schlup*, 513 U.S. at 329). In the instant case, Petitioner proffers no new evidence of his innocence, let alone evidence that makes it more likely than not that no

reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329.

Therefore, Petitioner has not demonstrated entitlement to equitable tolling.

## V. **Conclusion**

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely. Accordingly, the Court GRANTS Respondent's motion for summary judgment and DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus. Given this determination, the Court DENIES Petitioner's motion to dismiss Respondent's motion for summary judgment.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES

Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See FED. R. APP. P. 24(a).

IT IS SO ORDERED.

/s/Gershwin A Drain
Honorable Gershwin A. Drain
United States District Judge

Dated: May 29, 2014